MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JANET L. MERRILL, ESQ.
Nevada Bar No. 10736
**THE702FIRM INJURY ATTORNEYS**
400 South 7th Street, #400
Las Vegas, Nevada 89101
Telephone:   (702) 776-3333
Facsimile:    (702) 505-9787
E-Mail:        service@the702firm.com
                   janet@the702firm.com
*-and-*
ADAM S. KUTNER, ESQ.
Nevada Bar No. 4310
**ADAM S. KUTNER, P.C.**
1137 South Rancho Drive, Suite 150-A
Las Vegas, Nevada 89102
Telephone:   (702) 382-0000
*Attorneys for Plaintiff*
MICHAEL GEORGEOS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL GEORGEOS,<br><br>         Plaintiff,<br><br>vs.<br><br>ALBERTSON'S, LLC., dba ALBERTSON'S Store #129; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>         Defendants. | Civil Action No.: 2:20-cv-00823-KJD-NJK |

**<u>JOINT PRE-TRIAL ORDER</u>**

In compliance with LR 16-3 and LR 16-4 and the Order of the Court (ECF No. 27), counsel for Plaintiff MICHAEL GEORGEOS ("Plaintiff") and Counsel for Defendant ALBERTSON'S, LLC., dba ALBERTSON'S Store #129 ("Defendant"), hereby submit the following Joint Pre-Trial Order in the above-referenced matter.

Following pretrial proceedings in this cause,

IT IS ORDERED:

## I. NATURE OF ACTION, RELIEF SOUGHT AND IDENTIFICATION AND CONTENTIONS OF PARTIES

This dispute arises from Plaintiff's allegations regarding a slip and fall incident that occurred at an ALBERTSONS LLC Grocery Store, located at 5975 W. Tropicana Avenue, in Las Vegas, Nevada ("Subject Property").

**Plaintiff's Contentions:** Plaintiff contends on or around June 18, 2018, Plaintiff was lawfully on Defendant's property. At the relevant time, Defendant maintained and was in control of the Subject Property. Plaintiff slipped and fell on a wet substance on the floor of Defendant's property near the meat counter and was seriously injured ("Subject Incident"). Defendant failed to adequately maintain, inspect, and clean the flooring to ensure customer safety as required under its own policies.

Plaintiff ultimately underwent a right rotator shoulder arthroscopy, SLAP repair and rotator cuff repair in February 2019. He received bilateral L5-S1 epidural steroid injections in September 2018, and C3-4 epidural steroid injections in October 2018 and later, in November 2018 bilateral C5, C6 and C7 medial branch blocks. In December 2018, he received bilateral medial branch block to L3, L4, and L5.

Defendant's negligence was the actual proximate cause of Plaintiff's physical injuries. Plaintiff incurred pecuniary loss, medical expenses, and pain and suffering as a result of the Subject Incident.

**Defendant's Contentions:** Defendant contends that it did not have actual or constructive notice of the wet substance on the floor as no one apprised Defendant of the condition and such condition did not exist when Defendant had performed its timely sweeps of the store to look for and clean up such potential conditions. Further, the hazard was open and obvious to Plaintiff prior to his fall. Plaintiff's complaints of injuries and past and future damages were not all caused by the Subject Accident.

///

## II. STATEMENT OF JURISDICTION

Defendant removed this action to the United States District Court from the District of Nevada on May 7, 2020, pursuant to 28 U.S.C. § 1441(b). Defendant' removal of this action was timely pursuant to 28 U.S.C. § 1446(b)(3).

This Court has jurisdiction over this matter pursuant to pursuant to Article III, Section 2 of the United States Constitution and 28 USC § 1332 based upon diversity as the amount in controversy exceeds $75,000.00, as the Plaintiff is diverse to Defendant in this matter. Plaintiff's Complaint identifies Plaintiff as a resident of Clark County Nevada. Defendant is a Foreign Limited Liability Company incorporated in the State of Delaware, with a principal place of business in Delaware.

Venue is proper in this Court under 28 U.S.C., Section 1391.

## III. FACTS ADMITTED BY PARTIES

The following facts are admitted by the parties and require no proof:

1. On or about June 18, 2018, Defendant ALBERTSONS, LLC owned and operated the ALBERTSONS' grocery store located 5975 W. Tropicana Ave, Las Vegas Nevada, 89103 located in Clark County, Nevada.

2. On or about June 18, 2018, Plaintiff Michael Georgeos was lawfully present at the ALBERTSON'S Grocery store located at 5975 W. Tropicana Ave, Las Vegas, Nevada located in Clark County.

## IV. FACTS NOT CONTESTED

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

1. On June 18, 2018, as he was shopping, Plaintiff MICHAEL GEORGEOS fell in a clear liquid that was on the floor near the "Meat Counter."

## V. ISSUES OF FACT TO BE TRIED

The following are the issues of fact to be tried and determined upon trial:

///

///

A. **Plaintiff's Issues of Fact:**

1. Whether Defendant breached its duty owed to Mr. Georgeos as an invitee or patron of its establishment by failing to adequately maintain, inspect and clear its flooring.

2. Whether Defendant failed to adequately train and supervise its employees to maintain clean and safe flooring.

3. Whether Defendant complied with its policies relating to safety.

4. Defendant's choice to use non-slip resistant flooring;

5. The type, nature, and scope of Mr. Georgeos' injuries as a result of Defendant's breach;

6. The damages to Mr. Georgeos, including without limitation, the expenses of past medical treatment, past lost wages, past pain and suffering, the expenses of future medical treatment and future pain and suffering.

B. **Defendant's Issues of Fact:**

1. Whether Defendant knew or should have known that the floor was wet.

2. Whether Defendant failed to properly warn Plaintiff of a wet floor;

3. Whether Defendant was negligent;

4. Whether Plaintiff should have known that the liquid was on the floor.

5. Whether the liquid on the floor was open and obvious to Plaintiff before he fell.

6. Whether Plaintiff sustained injuries as a result of slipping and falling on the liquid.

7. Whether Plaintiff was injured as a result of negligence of Defendant.

8. The nature and extent of injuries sustained by Plaintiff.

9. Whether Defendant's alleged failure to warn Plaintiff of a wet floor was a substantial factor in legally and proximately causing Plaintiff's complained injuries.

10. Whether Plaintiff's medical expenses were necessarily incurred as a result of the Incident.

11. Whether such medical expenses were reasonable and customary.

12. Whether Plaintiff's future medical treatment is a direct and proximate cause of the negligence of Defendant.

13. Whether Plaintiff will be reasonably certain to incur medical expenses in the future as a result of the Subject Incident. If so, whether such future medical expenses are reasonable and customary.

14. Whether Plaintiff's past and future pain and suffering is related to his injuries as a result of negligence of Defendant.

15. Whether Plaintiff's loss of enjoyment of life is as a result of negligence of Defendant.

16. Whether Plaintiff is entitled to general damages, including pain and suffering, as a result of the Subject Incident.

17. Whether Plaintiff was negligent.

18. Whether Plaintiff's own conduct was a substantial factor in causing him to complain of injuries and damages.

19. Whether Plaintiff's own conduct contributed more to his alleged injuries than Defendant's alleged negligence.

20. Whether Plaintiff mitigated his injuries and damages.

21. Whether Plaintiff had a pre-existing condition or disability on June 18, 2018.

**V.   ISSUES OF LAW TO BE TRIED**

The following are the issues of law to be tried and determined upon trial:

1. Whether Defendant was negligent.

2. The amount of negligence, if any, attributable to each party in this litigation.

3. Whether the Subject Incident was the proximate cause of Plaintiff's claimed damages, as well as the extent of said damages.

**V.   EXHIBITS**

   **A.   The Following Exhibits are Stipulated Into Evidence in This Case and May be so Marked by the Clerk:**

The undersigned parties are continuing to refine their joint exhibit list to avoid duplication and to stipulate as feasible. The parties currently reserve any objections as to foundation and admissibility.

With regard to medical bills and records disclosed by Plaintiff and Defendant, the parties stipulate each are authentic and, therefore, neither party will not be required to call the Custodian of Records to testify as to authenticity. However, Defendant does not stipulate that the medical treatments and bills are reasonable, customary, and causally related to Plaintiff's injuries at issue.

**B.     As to the Following Exhibits, the Party Against Whom the Same Will be Offered Objects to Their Admission Upon the Grounds Stated:**

1.     **Plaintiff's Exhibits**

| |
|---|
| Medical Specials Chart for Michael Georgeos |
| Spring Valley Hospital Billing Records |
| Spring Valley Hospital Medical Records |
| Shadow Emergency Physicians Billing Records |
| Desert Radiology Billing Records |
| Desert Radiology Medical Records |
| Tropicana West Chiropractic Billing Records |
| Tropicana West Chiropractic Medical Records |
| Interventional Pain & Spine Institute Billing Records |
| Interventional Pain & Spine Institute Medical Records |
| Las Vegas Radiology Billing Records |
| Las Vegas Radiology Medical Records |
| Surgical Arts Center Billing Records |
| Surgical Arts Center Medical Records |
| Bernard Ong, M.D. Billing Records |
| Bernard Ong, M.D. Medical Records |
| Desert Institute of Spine Care Billing Records |
| Desert Institute of Spine Care Medical Records |
| Affinity Surgery Center Billing Records |
| Affinity Surgery Center Medical Records |
| Valley Anesthesiology Consultants Billing Records |
| Valley Anesthesiology Consultants Medical Records |

| | |
|---|---|
| 1 | Adam Hjorth Report Dated 12/3/2020 |
| 2 | Adam Hjorth Rebuttal Report Dated 12/30/2020 |
| 3 | Adam Hjorth Report Dated 3/1/2021 |
| 4 | Adam Hjorth Curriculum Vitae |
| 5 | Adam Hjorth Fee Schedule |
| 6 | Adam Hjorth Testimony List |
| 7 | Bernard Ong, MD Rebuttal Report Dated 12/19/2020 |
| 8 | Bernard Ong, MD Curriculum Vitae |
| 9 | Bernard Ong, MD Fee Schedule |
| 10 | Bernard Ong, MD Testimony List |
| 11 | Three (3) Color Photographs |
| 12 | Andrew M. Cash, M.D. Curriculum Vitae and Fee Schedule |
| 13 | Store Surveillance Video |
| 14 | Safety Fundamentals |
| 15 | Sweep Log Data |
| 16 | Twelve (12) Color Photographs of Scene |
| 17 | Store Incident Report |
| 18 | Customer Incident Report |
| 19 | Surveillance Stills |
| 20 | Time and Attendance Report |
| 21 | Store Roster History |
| 22 | Georgeos File Notes |
| 23 | Georgeos Claim History Report 2013-2020 |
| 24 | Associate Handbook |
| 25 | Procedures for Customer Injuries |
| 26 | Safety Fundamentals |
| 27 | Sweep Best Practices |

Plaintiff reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purpose of impeachment.

Plaintiff reserves the right to utilize and/or seek to publish and/or admit into evidence all deposition testimony, all affidavits filed or attached to any motion or pleading in this case, and all responses to discovery from any party in this case for purposes of impeachment.

Plaintiff reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purposes of rebuttal.

Plaintiff reserves the right to offer into evidence any exhibit offered by any other parties to this action.

In addition to the above objections:

a. Defendant reserves the right to make further objections regarding Plaintiff's proposed exhibits, including objections under FED. R. CIV. P. 402 and FED. R. CIV. P. 403.

b. Defendant further objects to the extent that any exhibits involve matters in violation of any orders of the Court.

c. Defendant reserves the right to supplement or amend its objections as exhibits are introduced and to the extent that additional documents/exhibits, if any, are identified.

d. Defendant objects to all disclosures which are not properly authenticated at the time of trial.

**Plaintiff's Use of Demonstrative Exhibits & Defendant's Objections:**

Plaintiff may offer, at trial, certain Exhibits for demonstrative purposes including, but not limited to the following:

1. Demonstrative and charts relating to Plaintiff's damage claims;

2. Story board and computer digitized power point images;

3. Blow-ups/transparencies/digitized images of various records; and

4. Plaintiff reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purpose of demonstration at trial. Additionally, Plaintiff reserves the right to offer into evidence any exhibit offered by any other parties to this action.

Defendant objects to the use of any demonstrative exhibit that is not shown at least 72 hours prior to it being shown to the jury, other than an enlargement of an admitted exhibit. While Defendant agrees to take up any objections to the demonstrative exhibits outside of the presence of the jury with the Court, Defendant at this time lodges objections as to any demonstrative exhibit that it has been unable to review as being relevant, lacks foundation, includes unauthenticated matter, contains inadmissible hearsay, and/or includes an improper summary. To the extent that Plaintiff utilizes any exhibit that is not stipulated to, Defendant reserves its objections lodged thereto.

2. **Defendant's Exhibits**

| |
|---|
| Surveillance |
| Photos |
| Dr. Wang – Medical Examination and Record Review |
| Dr. Wang Supplemental Report 2-19-21 |
| Dr. Wang Updated Curriculum Vitae |
| Dr. Wang Updated Testimony List |
| Dr. Rosen Medical Record Review and Report |
| Dr. Rosen Supplemental Report Feb 2021 |
| Dr. Rosen Updated Curriculum Vitae |
| Dr. Rosen Updated Testimony List |
| Swainston Consulting Group Report |
| Lane Swainston Updated CV |
| Lane Swainston Updated Testimony and Publication List |
| Kenneth Newson Report |
| Kenneth Newson Updated Curriculum Vitae |
| Kenneth Newson Updated Testimony List |
| Adam Hjorth Report Dated 12/3/2020 |
| Adam Hjorth Report Dated 3/1/2021 |
| Adam Hjorth Curriculum Vitae |
| Adam Hjorth Fee Schedule |
| Adam Hjorth Testimony List |

THE702FIRM
INJURY ATTORNEYS
400 S. Seventh Street, Suite 400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

| |
|---|
| Bernard Ong, MD Rebuttal Report Dated 12/19/2020 |
| Bernard Ong, MD Curriculum Vitae |
| Bernard Ong, MD Fee Schedule |
| Bernard Ong, MD Testimony List |

Defendant reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purpose of impeachment.

Defendant reserves the right to utilize and/or seek to publish and/or admit into evidence all deposition testimony, all affidavits filed or attached to any motion or pleading in this case, and all responses to discovery from any party in this case for purposes of impeachment.

Defendant reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purposes of rebuttal.

Defendant reserves the right to offer into evidence any exhibit offered by any other parties to this action.

In addition to the above objections:

a. Plaintiff reserves the right to make further objections regarding Defendant's proposed exhibits, including objections under FED. R. CIV. P. 402 and FED. R. CIV. P. 403.

b. Plaintiff further objects to the extent that any exhibits involve matters in violation of any orders of the Court.

c. Plaintiff reserves the right to supplement or amend its objections as exhibits are introduced and to the extent that additional documents/exhibits, if any, are identified.

d. Plaintiff objects to all disclosures which are not properly authenticated at the time of trial.

**Defendant's Use of Demonstrative Exhibits & Plaintiff's Objections:**

Defendant intends to identify and allow for inspection any demonstrative exhibits planned to be used at the time of trial seventy-two (72) hours before the commencement of trial. Defendant

agrees to take up any objections to the demonstrative exhibits outside of the presence of the jury with the Court. In the event a Party wishes to make changes to or use a different/additional demonstrative exhibit as trial progresses, Defendant agrees that the Parties should inform the opposing Party twenty-four (24) hours before presenting and, if the opposing Party does agree with the presentation of said demonstrative exhibit, the Court shall decide whether the demonstrative exhibit may be presented.

### B. Other Stipulated Exhibits

Plaintiff may submit electronic evidence to the jury for utilization in the jury room during their deliberations.

Defendant intends to present evidence in the form of jpegs, pdfs, etc., to jurors for the purposes of jury deliberations. Although it is not known at this time which exhibits will be electronically presented, Defendant will provide electronic evidence in an electronic format compatible with the Court's electronic jury evidence display system. Defendant will contact the courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the Court's electronic jury evidence display system.

**Other Agreements Regarding Exhibits:**

With the exception of exhibits to be used solely for impeachment, Defendant requests that each evening by 8:00 p.m., they will exchange the exhibits that they plan to use the following day so that any exhibit disputes/objections can be addressed by the Court each morning before trial resumes. In addition, the parties will identify each witness that they intend to call at trial not less than 24 hours prior to calling each witness to testify. The failure to abide by these deadlines does not preclude either party from moving for the admission of other exhibits and/or calling a different witness when such timeline cannot be abided by.

### C. Depositions:

**1. Plaintiff will offer the following depositions:**

      a.  Jody Wood

      b.  Nicholas Kesselhon

      c.  Nathan Shemeless

**2.**    **Defendant will offer the following depositions:**

      d.  Michael Georgeos, Plaintiff

      e.  Adam Hjorth

      f.  Alain Coppel, MD

      g.  Bernard Ong, MD

      h.  Mark Kabins, MD

      i.  William Leavitt, MD

**3.**    **Plaintiff objects to Defendant's depositions as follows:**

Without having the opportunity to be disclosed of any deposition testimony and/or excerpts thereof, Plaintiff reserves the right to lodge objections to said testimony upon disclosure of the same.

**4.**    **Defendant objects to Plaintiff's depositions as follows:**

Without having the opportunity to be disclosed of any deposition testimony and/or excerpts thereof, Defendant reserves the right to lodge objections to said testimony upon disclosure of the same.

**5.**    **Other agreements to designation of deposition testimony and objections:**

The parties agree to provide page and line designations of witnesses' depositions that will be played or read in at trial no later than 30 days prior to the trial date. Objections and counter-designations will be due 7 days following the initial designations.

Pursuant to FRCP Rule 32, the parties object to the admissibility of designated testimony to the extent that the deponent will be a witness at the time of trial.

## VI. WITNESSES

The following witnesses may be called by the parties upon trial:

### A. Plaintiff's Witnesses:

1. Plaintiff Michael Georgeos
   c/o THE702FIRM Injury Attorneys
   400 South Seventh Street, 4th Floor
   Las Vegas, NV 89101

2. Nathan Shemeles
   Albertson's Store #129
   5975 W. Tropicana Avenue
   Las Vegas, NV 89103

3. Adam Scott Hjorth
   Hobble Creek Services, LLC
   275 Hampton Ridge Court
   Henderson, NV 89002

4. Jack Zghaib
   7425 Sunspot Drive
   Las Vegas, NV 89128

5. Bernard Ong, MD
   8551 W. Lake Mead Boulevard, Suite 251
   Las Vegas, NV 89128

6. Nicholas Kesselhon
   Albertson's Store #129
   5975 W. Tropicana Avenue
   Las Vegas, NV 89103

7. Jody Wood
   Albertson's Store #129
   5975 W. Tropicana Avenue
   Las Vegas, NV 89103

### Plaintiff's Treating Providers – Non-Retained Experts

1. David A. Terca, M.D. and/or
   Treating Physicians and/or
   Person Most Knowledgeable and/or Custodian of Records
   Spring Valley Hospital Medical Center
   5400 South Rainbow Boulevard
   Las Vegas, NV 89118

2. Shadow Emergency Physicians, PLLC
Person Most Knowledgeable and/or Custodian of Records
P.O. Box 13917
Philadelphia, PA  19101-3917

3. Keir Hales, M.D. and/or
Carleton Allen, M.D. and/or
Treating Physicians and/or
Person Most Knowledgeable and/or Custodian of Records
Desert Radiologists
P.O. Box 3057
Indianapolis, IN  46206

4. William G. Leavitt, D.C. and/or
Treating Physicians and/or
Person Most Knowledgeable and/or Custodian of Records
Tropicana West Chiropractic
6819 West Tropicana Avenue, Suite 100
Las Vegas, NV  89103

5. Jorg Rosler, M.D. and/or
Andrew Hall, M.D. and/or
Faisel Zaman, M.D. and/or
Treating Physicians and/or
Person Most Knowledgeable and/or Custodian of Records
Interventional Pain & Spine Institute
851 South Rampart Boulevard, Suite 100
Las Vegas, NV 89145

6. Bhuvaneswari Kittusamy and/or
Elizabeth Huck, M.D. and/or
Treating Physicians and/or
Person Most Knowledgeable and/or Custodian of Records
Las Vegas Radiology
7500 Smoke Ranch Road, Suite
Las Vegas, NV  89128

7. Person Most Knowledgeable and/or Custodian of Records
Surgical Arts Center
9499 West Charleston Boulevard, Suite 250
Las Vegas, NV  89117

8. Bernard Ong, M.D. and/or
Treating Physicians and/or
Person Most Knowledgeable and/or Custodian of Records
8551 West Lake Mead Boulevard, Suite 251
Las Vegas, NV  89128

9. Andrew M. Cash, M.D. and/or
   Treating Physicians and/or
   Person Most Knowledgeable and/or Custodian of Records
   Desert Institute of Spine Care
   9339 West Sunset Road, Suite 100
   Las Vegas, NV  89148

10. Affinity Surgery Center
    Treating Physicians and/or
    Person Most Knowledgeable and/or Custodian of Records
    10135 West Twain Avenue, Suite 110
    Las Vegas, NV  89147

11. Valley Anesthesia Consultants
    Treating Physicians and/or
    Person Most Knowledgeable and/or Custodian of Records
    10120 South Eastern Avenue, Suite 100
    Las Vegas, NV  89052

**B.    Defendant's Witnesses**

1. Michael Georgeos
   c/o Janet Merrill, Esq.
   THE702FIRM
   400 S. 7th Street, Suite 400
   Las Vegas, Nevada 89101
   Tel: (702) 776-3333

2. Jody Wood, Corporate Witness for Albertsons LLC
   c/o Jack Burden, Esq.
   BACKUS, CARRANZA AND BURDEN
   3050 S. Durango Drive
   Las Vegas, NV 89117

3. Jeffery C. Wang, MD
   Chief, Orthopaedic Spine Service
   Co-Director USC Spine Center
   Professor of Orthopaedic Surgery and Neurosurgery USC Spine Center
   1450 San Pablo St., Suite 5400
   Los Angeles, CA  90033
   Office: (323) 442-5303

4. Mark Rosen, MD
   BONE & JOINT SPECIALISTS
   2020 Palomino Ln, Ste. 220
   Las Vegas, NV 89106
   Tel: (702) 474-7200

5. Lane Swainston
   SWAINSTON CONSULTING GROUP
   Henderson, NV 89014
   Tel: (702) 434-9576

6. Ken Newson
   Interior Specifications
   15030 Ventura Boulevard #877
   Sherman Oaks, CA 91403
   Tel: (818) 783-3201

In addition, should any party to this case withdraw the designation of a witness listed in this Joint Pretrial Report, the parties reserve the right to re-designate the withdrawn witness.

## VII. TRIAL DATE

The attorneys or parties have met and jointly offer these three trial dates:

1. September 12, 2022

2. September 19, 2022

3. September 26, 2022

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed upon dates, if possible. If not, the trial will be set at the convenience of the Court's calendar.

///

///

///

///

///

///

///

## VIII. LENGTH OF TRIAL

It is estimated that the trial will take a total of 7-10 days.

APPROVED AS TO FORM AND CONTENT

Dated: December 22, 2021                                    Dated: December 22, 2021

**THE702FIRM INJURY ATTORNEYS**              **BACKUS CARRANZA & BURDEN**

By: _/s/ Janet L. Merrill_____           By: __/s/ Jacquelyn Franco_____
MICHAEL C. KANE. ESQ.                          JACK BURDEN, ESQ.
Nevada Bar No. 10096                           Nevada Bar No. 6918
BRADLEY J. MYERS, ESQ.                         JACQUELYN FRANCO, ESQ.
Nevada Bar No. 8857                            Nevada Bar No. 13484
JANET L. MERRILL, ESQ.                         3050 South Durango Drive
Nevada Bar No. 10736                           Las Vegas, NV 89117
400 S. 7th Street, Suite 400                   *Attorneys for Defendant*
Las Vegas, NV 89101
*Attorneys for Plaintiff*

## IX. ACTION BY THE COURT

This case is set for jury trial on the ~~fixed~~ /stacked calendar on <u>November 28, 2022</u> at <u>9:00 a.m.</u> with Calendar call to be held on <u>November 8, 2022</u> at <u>9:00 a.m.</u> in courtroom 4A.

DATED: January <u>28</u>, 2022.

_____
UNITED STATES DISTRICT JUDGE